# Affidavit/Memorandum

## In Support of the Petitioner's Writ of Habea Corpus, by a Person in State Custody, Under 28 USC § 2254

Now comes the Pro-Se Petitioner, Mr. Edward R. Vashey, in support of his attached Petition for a Writ of Habeas Corpus, and does aver and/or submit that the Rhode Island Supreme Court, in it's entitled matter; State v. Vashey, at 2004-175 C.A. (in which this Petitioner was the Defendant), has Denied this Petitioner of his (both State & Federal) Constitutionally Protected Rights to both Due Process and Equal Protection of Law, by it's NOT rendering a proper and just decision on the record and the merits, properly before that Court, in the Petitioner's Appeal before that Court.

The R.I. Supreme Court, in the above entitled matter, has ruled that this Petitioner's "appeal is not properly before [the] Court", and they do so, in spite of the FACT that they also state (in the very same paragragh of the very same decision) that "admittedly, [the] Court previously has done EXACTLY as [the] Defendant

suggests.".

Not "almost as the defendant suggest" or even "sort of", but "EXACTLY" as the defendant suggests (emphasis added)...

## Travel of the Case

On December 4th, 2001 the Petitioner had entered an 'Alford Plea' (as in Nort Carolina v. Alford, at 400 US 25) to an amended charge of Second Degree Child Molestation, Under R.I.G.L. § 11-37-8.3., and just nine (9) days later, on December 13th, 2001, the Petitioner's (then) Attorney, Mark L. Smith, did file a 'Motion to Vacate the Plea'. That Motion came to be heard on January 16th, 2002, but at that hearing the Petitioner's Attorney, Mark Smith, moved to withdraw from the case, which motion was granted, leaving the Petitioner unprepared and unqualified to argue a Motion that didn't actually represent the reason's he sought to withdraw the Plea. The Petitioner asked to "withdraw" that Motion to Vacate.

Docket entries reflect that the Petitioner's Motion to Vacate' the Plea was "passed" on January

16th, 2002, and again on June 26th, 2002 and then on August 29th, 2002, Attorney Alton Wiley Jr., entered his appearance on the Petitioner's behalf, and on August 22nd, 2003 Attorney Wiley filed a 'Motion to Withdraw/Vacate the Plea' that actually represented the reason's the Petitioner sought to Withdraw his Plea.

On September 15th, 2003 the 'Motion to Withdraw/Vacate' was heard and rejected by (the late) Justice William A. Dimitri Jr., and on September 29th, 2003, the Petitioner did file a timely 'Notice of Appeal'.

On December 5th, 2006, the R.I. Supreme Court heard oral arguments at a 'Showcause hearing' and on December 20th, 2006 "affirmed the Judgment of the Superior Court*", rejecting the Petitioner's Motion to Withdraw/Vacate the Plea, stating that the Petitioner's "appeal is not properly before [the] Court".

## Arguments

It is the Petitioner's contention that the R.I. Supreme Courts refusal to treat his Appeal as a denial from an application for Post-

Conviction Relief, is a Denial of the Due Process and Equal Protection of Law enjoyed by peoples in "EXACTLY" the same situations.

Once again (to add emphasis), the Court had ruled that the Petitioner's "appeal is not properly before [the] Court", and again, they do so in spite of, or in disregard of, the fact that they actually state; "[the] Court has done EXACTLY as [the] Defendant suggest".

The Petitioner had asked the R.I. Supreme Court, to treat his Appeal from a denial of a 'Motion to Withdraw/Vacate the Plea', as if it were a denial of an 'Application for Post-Conviction Relief,' so as not to "elevate form above substance, resulting in a waste of valuable judicial time, and needlessly prolong the matter." (citing the, R.I. 1979, Long standing; State v. Williams, at 404 A.2d 814). The Petitioner pointed out to the Court that;

(A) "The issues raised [in his Appeal] are of Constitutional proportions";

(B) "The necessary record is before [the Court]"; and (C) "[the Petitioner] has been imprisoned" for almost two (2) years. (as required in State v. Williams [supra]).

But (again), the Court had refused to treat his Appeal as a denial of Post-Conviction Relief, citing "the lack of a fully developed record from a post-conviction relief proceeding". But, the very fact of the matter is that the record before the Court, in the Petitioner's Appeal, was by far and away more "fully developed" than in the State v. Williams [supra] decision, in which that Court had cited in there decision. In the Williams [supra] decision, that Court had actually comment about the lack of a record, stating the "absence of relevant relation between the title of [that] defendant's motion on the one hand, it's content and [the] defendant's supporting argument on the other, was commented on by the trial justice in his bench decision denying the motion. He said that he "listened with care to everything that [counsel] has said hoping that he would say something that was relevant to a motion to vacate the Plea of guilty" but that "nothing that [counsel] has said has anything whatsoever to do with a motion to vacate a plea of guilty." ".

Again (to add emphasis), in the Petitioner's Appeal, the record in the (lower) Superior Court was far more "developed" than in the Williams [supra] decision, and many other decisions, in which the R.I. Supreme

had treated as denials of Post-Conviction Relief.

At the Petitioner's 'Motion to Withdraw/Vacate the Plea' hearing, on September 15th, 2003, the State's Prosecutor, Assistant Attorney General John J. McMahon, had actually anticipated that the Court "could treat the request as a post-conviction relief" (quoting the hearing transcript). Prosecutor McMahon also states that he is "assuming the Court will take this as a post-conviction relief" (also from the transcript), and he goes on to actually present, to that Court, arguments in opposition to the Petitioner's Motion.

In fact, Prosector McMahon had had the Petitioner's 'Motion to Withdraw/Vacate' for a Month prior to the September 15th, 2003 hearing, a Motion that very clearly advised him as to the arguments that the Petitioner was making, and at the hearing, Prosecutor McMahon actually stated that; "the State filed a response to [the Petitioner's] motion. I certianly rest on those arguments that are contained therein", (also from the transgcript) and again, he presented arguments verbally.

In it's decision, that the Petitioner's Appeal

was lacking "a fully developed record", the R.I. Supreme Court makes the highly prejudicial, condicending, and down right insulting statement that if it (the Court) were to render a decision on the Merits of the Appeal as a post-conviction Relief denial, as the record stands, "[the Court] would be forced to rely exclusively upon [the] defendant's own self-serving averments at the September 2003 hearing". (from the decision)

Again, that statement by the Court was highly prejudicial, and on so many levels; First and foremost, that Court had absolutely no cause or reason not to believe the Petitioner's version of events, as he described, in his 'Motion', and then in oral arguments at the September 2003 hearing; Second, the State's Prosecutor, Mr. McMahon, did have sufficiant notice, opportunity, and time to dispute the Petitioner's so called "self-serving averments" and/or the arguments put to that Court. It is not the Petitioner's fault that Prosecutor McMahon couldn't, or didn't, provide any evidence that the Petitioner's version of events, and matters of law, wasn't the absolute truth of the Matter.

In fact, it is the Petitioner's opinion, that to allow the State's Prosecutor a 'second bite of the

apple', as would be the case if the Petitioner would be forced to (once again) reargue his issues and/or arguments, would be a violation of the Doctrine of Res Judicata'. Because clearly this situation would meet the requirement to bar re-litigation under the doctrine as; (a) this would involve the "same parties"; (b) the very "same issues"; (c) the very "same claims for relief"; and (d) "finality of judgment" (this from this very Court's own; Russo v. Baxter Healthcare, at 919 F. Supp 565 (1996)).

Because cleary, that is what the R.I. Supreme Courts decision (as it stands now) would do. It would force the Petitioner to file for an application for Post-Conviction Relief, and force him to reargue his case all-over-again. It would give the State's Prosecutor another 'bite at the apple', and if it were the other way around, and the Petitioner had failed to prove his claims, or argue some point, that Court would have 'slammed the door' on him, as that Court has done in many of their other decisions, such as it's own cited, in their decision in this case, State V. William [supra], and ~~as~~ in the resently decided; State v. Keohane, at 814 A.2d 327 (2003), where that Court states; "The defendant's guilty plea acted as an effective

waiver of his right of appeal; thus, the appeal is not properly before this Court. However, mindful that Keohane may seek to challenge the validity of his plea by way of post-conviction relief, we shall proceed to address the merits of this appeal".

It is very clear to this Petitioner that the R.I. Supreme Court Knows that as the record stands before it, and the Constitutional issues raised, that if they did treat this Appeal (Rightfully so) as a denial of Post-Conviction Relief, they would "be forced" to rule in favor of the Petitioner, and they fear the repercussions and/or consequences such a decision would or could do to Plea Deals involving simular situations. The Petitioner is well aware that his situation is very unpopular, and he Knows that the R.I. Supreme Court is trying to give the State's Attorney General's Office another chance to try and prove their case.

Collaterally, the Petitioner feels it germane to mention that; (1) his Attorney who handled his Appeal, Assistant Public Defender Catherine Gibran, has filed a 'Motion to Correct Oppinion' asking the Court to "delete footnote 5 on page 3 of it's Opinion", because the opinion stated that "[the Petitioner] does not persue

[an] argument", but in fact, "[the Petitioner] did pursue [that] argument"; and (2) the Petitioner has filed a Complaint, with the R.I. Supreme Court's Disciplinary Board, against Assistant Attorney General Aaron Weisman, who had represented the State in the Appeal, because Mr. Weisman had first (on October 7th, 2005) argued to the Court that the Petitioner's Appeal was, in fact, a denial from Post-Conviction Relief, to Keep the Petitioner in jail pending the outcome of the Appeal, and then (on October 30th, 2006) a year later, Mr. Weisman argued to the Court that the Appeal was not an appeal from a denial from Post-Conviction Relief, and this he also did to Keep the Petitioner behind bars.

In conclusion and to reiterate, it is the Petitioner's opinion that;

(1) The Rhode Island Supreme Court's Denial to rule on the Merits of his Appeal (that should be considered properly) before that Court, is a very blatant Denial of his Constitutionally Protected Right to Due Process;

(2) When the Rhode Island Supreme

Court states that "previously [the] Court has done EXACTLY as [the Petitioner] suggests", and then refuses to do so, then it is denying the Petitioner of the 'Equal Protection of Law'; and

(3) To allow the State's Prosecutor yet another opportunity to reargue the very "same issues" previously argued and decided at the September 15th, 2003 hearing, would constitute a violation of the 'Doctrine of Res Judicata'.

## Relief Sought

Ideally, the Petitioner would respectfully ask that this Very Wise and Honorable Court grant him a Writ or Order that would compel the Rhode Island Supreme Court to treat his Appeal before that Court as a Denial from an 'Application for Post-Conviction Relief', and compel that Court to rule on the Merits of said Appeal, and the record already before that Court.

But respectfully, any Relief and/or

Justice that this Court deems proper and just, with regard to this situation, would be greatly appreciated and respected.....

In closing, the Petitioner does hope & pray that once this Honorable Court reviews all the briefs, transcripts, and arguments in this Situation, that it will rule in his favor. Please do not hesitate to call upon me for any input or materials I may be able to provide.

Respectfully Submitted

cc/E.R.V.

Edward R. Vashey, pro-se

Edward R. Vashey

I, Edward R. Vashey, do hereby swear that everything in this Affidavit/Memorandum is the absolute truth as I Know it to be.

Edward R. Vashey