**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD R. VASHEY** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2007-40ML** |
| | : | |
| **STATE OF RHODE ISLAND, et al** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys

,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman_______
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 13th day of February, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Edward Vashey, at his last known address of PO Box 8249, Cranston, Rhode Island, 02920.

/s/ Aaron L. Weisman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD R. VASHEY** | **:** | |
| **Petitioner** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. 2007-40ML** |
| | **:** | |
| **STATE OF RHODE ISLAND, et al** | **:** | |

**<u>STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"</u>**

<u>Background</u>

On December 20, 2006, the Rhode Island Supreme Court issued the following *Opinion* in the matter of <u>State v. Vashey</u>:

> The defendant, Edward Vashey (defendant), appeals a ruling of the Superior Court denying a motion to vacate his Alford plea to second-degree child molestation. The defendant argues that his plea should be set aside because he was not informed that he would be required to register as a sex offender for the duration of his fifteen-year probation as a consequence of his plea. This case came before the Supreme Court for oral argument on December 5, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and the memoranda that the parties filed, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons hereinafter set forth, we affirm the judgment of the Superior Court.
>
> **I**
>
> **Facts and Travel**
>
> Between February 1 and May 31, 1999, defendant allegedly molested his then seven-year-old daughter. On December 8, 2000, defendant was indicted on one count of first-degree child molestation in violation of G.L. 1956 § 11-37-8.1.[FN1] Thereafter, at a hearing on December 4, 2001, defendant entered a plea in accordance with <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970),[FN2] to the amended charge of second-

degree child molestation in violation of § 11-37-8.3.[FN3] Despite ensuring that defendant acknowledged the constitutional rights he was forgoing by entering the Alford plea, the hearing justice did not explicitly inform defendant that, as a consequence of his plea, he would be required to register as a sex offender pursuant to Rhode Island's Sexual Offender Registration and Community Notification Act, G.L. 1956 chapter 37.1 of title 11. Once the hearing justice was satisfied that defendant made his plea voluntarily, intelligently and knowingly, the justice accepted it.

FN1. General Laws 1956 § 11-37-8.1 provides: "A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years of age or under."

Before this indictment was handed down, on February 8, 2000, a criminal complaint and District Court warrant were filed against defendant for the identical charge. At the time, defendant was on probation for a 1994 sentence he had received for felony assault: twelve years imprisonment, with one year and eight months to serve, ten years and four months suspended with probation. In July 2000, it was determined that defendant had violated his probation. Accordingly, defendant's previously suspended sentence was vacated and he was sentenced to serve ten years and four months; five years and four months of that reinstated sentence were suspended. This Court affirmed that adjudication in State v. Vashey, 823 A.2d 1151 (R.I.2003).

FN2. As we have explained previously, "'The so-called Alford plea is a procedure approved by the Supreme Court of the United States under which a person charged with a criminal offense may plead guilty even though he maintains his innocence as long as the state presents a factual basis for such plea through evidence other [than] the defendant's own admission.' * * *. However, although a criminal defendant may be relieved of the embarrassment of admitting participation in the crime or comforted by the fact that he or she has maintained his [or her] innocence and the victim sometimes is left in a quandary about what occurred during the plea proceeding, the result is abundantly clear: the defendant stands convicted of the crime." Armenakes v. State, 821 A.2d 239, 242 (R.I.2003).

FN3. Section 11-37-8.3 provides: "A person is guilty of a second degree child molestation sexual assault if he or she engages in sexual contact with another person fourteen (14) years of age or under."

In addition to a no-contact order, defendant was sentenced to fifteen years imprisonment, the entire term suspended, with fifteen years probation. At the conclusion of the hearing, the following colloquy took place: "[COURT:] All the statutory requirements, which I understand have been explained to the defendant, will apply. Am I correct? "[ATTORNEY:] Yes, your Honor, you are."

Shortly after entering his Alford plea, defendant filed a motion titled "Motion to Vacate Plea" on December 13, 2001.[FN4] Thereafter, defendant's attorney sought to withdraw his representation, which, according to defendant's attorney, was precipitated by correspondence from defendant expressing his dissatisfaction with his counsel. Before these motions could be heard, the judgment of conviction against defendant for second-degree child molestation was entered on January 14, 2002. Two days later, at the hearing on the two outstanding motions, the hearing justice granted defendant's attorney's motion to withdraw and then granted defendant's impromptu request to withdraw his motion to vacate the Alford plea.

FN4. It appears that the identical motion to vacate defendant's plea was filed in the Superior Court on December 18, 2001.

With new representation, defendant filed a motion entitled "Defendant's Motion to Withdraw Nolo Contendere Plea" on August 22, 2003. At the hearing on this motion, defendant argued that his plea should be set aside because, before entering the Alford plea, he never was informed (1) that he would be under the supervision of the state's probation program [FN5] or (2) that he would have to register as a sex offender for the duration of his probationary period. After noting that defendant had signed the plea form indicating that he had discussed the form with his attorney and after recalling that defendant voluntarily and intelligently had entered his Alford plea, the hearing justice denied defendant's motion. The defendant filed a timely appeal.

FN5. The defendant does not pursue this argument on appeal.

## II
## Analysis

The defendant argues that his Alford plea was involuntary because, before entering the plea, he never was informed that, as a consequence thereof, he would be required to register as a sex offender for the duration of his fifteen-year probation.

**A**
**Standard of Review**

A motion to withdraw a plea "is addressed to the sound judicial discretion of the court and * * * a decision of the court thereon will not be disturbed by this [C]ourt unless there is a clear abuse of discretion." State v. Eason, 786 A.2d 365, 367 (R.I.2001).

**B**
**Timeliness of the Motion to Vacate**

We must first determine whether this appeal is properly before the Court. Rule 32(d) of the Superior Court Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or deferred or probation is imposed or imposition of sentence is suspended." "Once a defendant has entered a plea of guilty or of *nolo contendere* and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of postconviction relief." State v. Desir, 766 A.2d 374, 375 (R.I.2001). Furthermore, "[t]he proper avenue by which a defendant must proceed when attacking the voluntariness of a plea or when making a claim of ineffective assistance of counsel is an application for postconviction relief * * *." Id. This requirement is not merely a superfluous technicality: "Unless a defendant complies with the procedure for postconviction relief, [this Court] shall not have the benefit of a full record and a decision of the Superior Court * * *." State v. Farlett, 490 A.2d 52, 54 (R.I.1985).

It is undisputed in this case that defendant was sentenced on December 4, 2001, and that the motion to vacate his Alford plea was not filed, at the earliest, until December 13, 2001, well after defendant had been sentenced. [FN6] Nevertheless, defendant urges this Court to treat his untimely motion to vacate the Alford plea as an application for postconviction relief pursuant to G.L. 1956 chapter 9.1 of title 10.

FN6. This is a generous reading of the record. As we explain above, a motion to vacate defendant's Alford plea was filed on December 13, 2001, but was withdrawn upon defendant's own request at a hearing on January 16, 2002. Subsequently, a motion, titled "Defendant's Motion to Withdraw Nolo Contendere Plea," was filed on August 22, 2003, and it was the motion justice's denial of this motion from which defendant takes his appeal.

Although, admittedly, this Court previously has done exactly as defendant suggests, it was only when a complete record was

> available for appellate review. ***See*** State v. Williams, 122 R.I. 32, 36-37, 404 A.2d 814, 817 (1979) (treating a motion to set aside a guilty plea as an application for postconviction relief in part because "the necessary record [was] before [the Court]"). In the present case, the lack of a fully developed record from a postconviction relief proceeding is fatal. Without it, we are left with no way to ascertain whether defendant's counsel, in fact, made the omission defendant alleges or whether defendant actually did not know that, as a result of entering an Alford plea, he would be required to register as a sex offender for the duration of his probation. Instead, we would be forced to rely exclusively upon defendant's own self-serving averments made at the September 2003 hearing on his motion to withdraw the nolo contendere plea. Accordingly, we hold that defendant's appeal is not properly before this Court.
>
> **Conclusion**
>
> For the reasons set forth herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

(State v. Vashey, 912 A.2d 416 (R.I. 2006).)

Discussion

The basis of Petitioner's instant 28 U.S.C. § 2254 action appears to be his contention that the Rhode Island Supreme Court violated "due process and equal protection" by requiring that Vashey bring a post-conviction relief action (pursuant to R.I.G.L. § 10-9.1-1 *et seq.*) before asserting that the plea-court and his plea-counsel erred in, allegedly, not informing him of the sexual-offender registration consequences. Because, however, it is quite clear from the Rhode Island Supreme Court's opinion that the Superior Court record was ***not*** sufficiently developed so as to permit the Supreme Court to treat Vashey's "untimely motion to vacate the Alford plea as an application for postconviction relief" (State v. Vashey, 912 A.2d at 419), Petitioner would appear to have no valid compliant that, in order to develop his factual assertions with respect to the alleged inadequate actions of the Rhode Island Superior Court and his plea-counsel, a

return to the Superior Court is necessary. That is, because, in order to facilitate a review of Petitioner's claims, a post-conviction relief action is necessary in the Superior Court, there can be no colorable "due process" (or "equal protection") claim that the Rhode Island Supreme Court merely invoked a procedural excuse to avoid reaching an issue raised by Petitioner. *Cf.* United States ex. rel. Smith v. Cowan, 123 F.Supp.2d 1117, 1121 (N.D.Ill. 2000)(when a state court's reliance on a procedural rule to avoid reaching the merits of a post-conviction motion or petition is "so erroneous that it is inconsistent with any notions of due process", there is no adequate state ground to preclude federal habeas review); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546 (1991)(discussing "independent and adequate state ground doctrine," which "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.").

The Rhode Island Supreme Court, then, quite far from trying to avoid addressing any claim of Petitioner's, merely determined that in order to be able to address such claim, an adequate record in the trial court needed to first be developed. And, for the reason expressed in the *Opinion* of the Rhode Island Supreme Court and in the memorandums filed by the State in the State Supreme Court, there was simply not an adequately-developed record upon which to reach the issues Petitioner had raised.

For these reasons, then, the State would respectfully ask that this Honorable Court grant its motion to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman_______
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 13th day of February, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Edward Vashey, at his last known address of PO Box 8249, Cranston, Rhode Island, 02920.

/s/ Aaron L. Weisman