United States District Court
For The District of Rhode Island

Edward R. Vashey
Petitioner

C.A. 2007-40 ML

v.

The State of Rhode Island,
et all Respondent

Petitioner's Response to the State of Rhode Island's 'Motion to Dismiss' the Petition Under 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus by a Person in State Custody

Now comes the Pro-Se Petitioner, Mr. Edward R. Vashey, in the above entitled matter before this Honorable Court, and does respectfully seek to submit this 'Response' to the State of Rhode Island's Motion to Dismiss' his 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus.

#1. Foremost and once again, the Petitioner would reiterate the undesputable fact, that on September 15, 2003, at the ('post-conviction') Motion Hearing, to withdraw his plea, (then) Attorney

representing the State, Mr. John J. McMahon, had ample time and opportunity, to prepare and present arguments in opposition to the matters in question before that Court, and the very best proof of this undesputable fact, is the actual Transcript of the September 15, 2003 Hearing its self, that the Petitioner would submit to this Court at this time (Transcripts attached and/or enclosed, Marked 'Exhibit A')

It is absolutely clear, on pages 14 through 17 of the Transcripts submitted, that (then) State's Attorney John J. McMahon;

(a) Knew exactly why the [Petitioner] had sought to withdraw his plea;

(b) that State's Attorney McMahon did recieve the [Petitioner's] Motion to Withdraw his Plea, in a timely fashion, and that Attorney McMahon did file, with the Court, "a response": In fact, on page 14 of the Transcripts, Attorney McMahon clearly states; "the State filed a response to the [Petitioner's] motion. I certianly rest on those arguments that are contained therein"; and

(c) that the Superior Court, on September 15, 2003, could have, should have, and did treat the 'Motion to' Withdraw the Plea' as an application for post-conviction relief. In fact, on page 15 of the Transcript, Attorney McMahon does cite the very relevent State v. Williams decision, at 404 A.2d 814, and Attorney McMahon does state that "that says the Court, once the sentence is imposed, could treat the request (i.e. the Motion to Withdraw the Plea) as a post-conviction relief", and Attorney McMahon does very clearly go on (on pages 16 and 17 of the Transcript) to argue his opposition to the [Petitioner's] Motion.

Therefore, if the "record" of those proceedings, in the Superior Court, weren't "adequately-developed", as the State's Attorney would like this Court to believe, it is not because (then) State's Attorney McMahon wasn't afforded the proper time and opportunity to prepare and present arguments in opposition to the Motion before the Court, or that Attorney McMahon wasn't aware that the Court "could treat the request as post-conviction relief" (Attorney McMahon's statement on page 15 of the Transcripts). Which would lead to the next point;

#2. It is the Petitioner's opinion, that it is of absolutely no mistake, or coincidence, that the State's Attorney offers no argument and/or opposition to the Petitioner's argument that to allow the State a 'second bite' at the apple'; would be a violation of the Doctrine of Res Judicata, because there can be absolutely no doubt that the Doctrine does apply in these curcumstances, as very clearly, to reargue the issues would undoubtedly involve; (a) the same parties; (b) the same issues; (c) the same claims for relief; and (d) finality of judgment, as in this Courts; Russo v. Baxter Healthcare, 919 F. Supp. 565.

Therefore, as the R.I. Supreme Court decision in question stands, it would force the Petitioner to (in effect) reargue the very same issues all over again, and it would (unfairly) allow the R.I. Attorney General's Office a 'second bite at the apple' in violation of the 'Doctrine of Res Judicata'; NEXT

#3. As stated "Collaterally" in the Petitioner's 'Affidavit/Memorandum' in support of his 28 U.S.C. § 2254 Petition; the Petitioner has filed Complaints against the State's Attorney of

record before the R.I. Supreme Court, and now before this Court, Mr. Aaron L. Weisman, with; (a) the R.I.'s Supreme Court's 'Disciplinary Board'; (b) R.I. Supreme Court's Chief Justice Williams; (c) R.I. Attorney General Lynch; (d) R.I. Bar Association; and most resently, because it seem that no-one in the State will take any actions against Attorney Weisman; (e) the Federal Assistant Attorney General for the District of R.I. Mr. Robert Corrente, and in those Complaints, I stated that Attorney Weisman did willfully make "false statements of material fact and/or law" to the R.I. Supreme Court, in the State v. Vashey [supra] matter in question, in violation of the R.I. Supreme Court's Rules of Professional Conduct (for Attorneys), Rule 3.3 (entitled) Candor Toward The Tribunal.

Briefly, Attorney Weisman, on October 7, 2005, submitted, the attached and Marked 'Exhibit B', 'Memorandum in Objection to the [Petitioner's] Motion for an Interlocutory Injuction' (in these very same proceedings in question), and in his 'Objection' Attorney Weisman did argue to the fact that the [Petitioner] had infact actually "challenged that plea in a post-conviction relief application, the denial of which is currently pending before [the R.I. Supreme] Court" (see footnote #1 from page 1 of

Attorney Weisman's attached 'Objection'). Because, at that time, it suited Attorney Weisman's argument, at that time, to call the proceedings a "post-conviction relief".

But then, about eight (8) months later, on June 21, 2006, and again on October 30, 2006, in his 'Pre-Briefing Statements', Attorney Weisman argues, that the very same matter before the Supreme Court, is not a post-conviction relief matter, in his 'Pre-Briefing Statements' Weisman argues that there are "at least three problems with [the Petitioner's] proposal to treat the challenged denial of the plea-vacation motion as a denial of an application for post-conviction relief", as at that time, to do so would further his new arguments.

Although (at this time) the Petitioner isn't moving to have Attorney Weisman disqualified because of the obvious conflict of interest here, and the very plain and obvious fact, that Assistant Attorney General Aaron L. Weisman is deceitful, and a liar. The Petitioner would just like this Wise and Honorable Court to be well awere of the 'Nature' of the Attorney representing the State of Rhode Island in these Matters;

#4. Finally, and by no-means least, there is absolutely no doubt what-so-ever, that the R.I. Supreme Court, in these matters in question, did use "a procedural excuse to avoid reaching the merits of a post-conviction motion or petition".

As the Petitioner had stated in his 'Affidavit/Memorandum' in support of his 28 U.S.C. § 2254 Petition, it is the Petitioner's opinion that the R.I. Supreme Court is fearful of the "repercussions and/or consequences" a favorable decision, to the Petitioner, in these Matters might mean to many other simular 'Plea-Deal' situations in the State. Again, as stated in the 'Affidavit/Memorandum' "the Petitioner is well aware that his situation is a very unpopular one, and he Knows that the R.I. Supreme Court is trying to give the State's Attorney another chance to try to prove their case".

It is the Petitioner's opinion, that there is absolutely no doubt, that the R.I. Supreme Court's refusal to rule on the merits of his appeal, before that Court, is "so erroneous that it is inconsistant with any notions of due process" (as the State put it, citing U.S. ex. rel. Smith v. Cowan, 123 F. Supp. 2d 1117).

# In Conclusion

The Petitioner would, once again, respectfully ask. that this Honorable Court Rightfully grant him a Writ and/or Order that would compel the R.I. Supreme Court to treat his appeal, before that Court, as a denial of an application for post-conviction relief. But respectfully, any relief and/or justice that this Court would deem proper and just, would be greatly appreciated and greatly respected.

Hence, it is the Petitioner's hope, that this Wise and Honorable Court, would deny and/or reject the State's proposed 'Motion to Dismiss' his 28 U.S.C. § 2254 Petition.

Respectfully Submitted

Edward R. Vashey

Edward R. Vashey, pro-se
P.O. Box 8249
Cranston, R.I.
02920

# Certification

I, Edward R. Vashey, do hereby certify that on this the 19th day of February, 2007, that I did place a true copy of the attached 'Response to the State's Motion to Dismiss' and it's attachments, via the U.S. Mail to the R.I. Attorney General's, at it's last Known address of 150 South Main Street, Providence, Rhode Island, 02903.

Edward R. Vashey