[redacted]

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPREME COURT**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **v.** | : | **04-175 C.A.** |
| | : | |
| **EDWARD R. VASHEY** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN OBJECTION TO DEFENDANT'S *MOTION FOR AN INTERLOCUTORY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER***

On December 4, 2001, Defendant pled *nolo contendere* to the amended charge of second-degree child molestation, in consideration of a fifteen-year suspended probationary sentence. (*Please see* attached *Criminal Docket Sheet Report* in P1-2000-3867A.)[1] The State subsequently alleged that Mr. Vashey had violated the terms and conditions of such probationary sentence, and a hearing on the State's probation-violation allegation is to be conducted, according to the attached *Criminal Docket Sheet Report* in P1-2000-3867A, on October 20, 2005. Defendant instantly seeks an order from this Court enjoining and/or restraining the conduct of such Superior Court probation-revocation proceeding, on the authority of Rule 38(a)(4) of the Rhode Island Rules of Criminal Procedure, which provides that "[a]n order which defers sentencing or places the defendant on probation shall be stayed *if an appeal is taken*[[2]]" (emphasis added).

---

[1] He has since challenged that plea in a post-conviction [redacted] which is currently pending before this Court in the above-[redacted] Case Number.

[2] As referenced in the above footnote, Defendant has taken an appeal of the Superior Court's denial of his post-conviction relief application.

The Superior Court below, however (per Justice William A. Dimitri Jr.) rejected (on August 11, 2005) this contention, and properly so. [redacted] Thus, the cited Rule is plainly inapplicable to defendant's case by its plain terms. Second, Super.Ct.R.Crim.P. 38(a)(4) is further inapplicable to Defendant's case (P1-00-3867A) because the sentence imposed in that case – a fifteen year suspended sentence for a probationary period of fifteen years – is not, in the language of the Reporter's Notes to Rule 38, a "sentence *** placing defendant on *probation*" (emphasis added), but an altogether different sentence – one sentencing the Defendant to jail, but *suspending* such sentence, for a given probationary period.

Justice Dimitri, then, quite properly rejected Defendant's argument that Super.Ct.R.Crim.P. 38(a)(4) precludes the conduct of a probation-revocation proceeding. Accordingly, the State would respectfully ask that Mr. Vashey's *Motion For An Interlocutory Injunction And/Or Temporary Restraining Order* be denied.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that on the 7th day of October, 2005, placed a copy of the within document, postage prepaid, to Mr. Vashey at his last known address of P.O. Box 8249, Cranston, R.I. 02920.