UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD R. VASHEY, Petitioner, | : | |
| v. | : | CA 07-40 ML |
| STATE OF RHODE ISLAND, et al., Respondents. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Edward R. Vashey ("Petitioner"), a prisoner at the Adult Correctional Institutions in Cranston, Rhode Island. See Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document ("Doc.") #1) ("Petition"). The State of Rhode Island (the "State") has filed a motion to dismiss. See State of Rhode Island's Motion to Dismiss "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Doc. #4) ("Motion to Dismiss"). The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary. After reviewing the filings and performing independent research, I recommend that the Motion be granted for the reasons stated herein.

**Facts**

On December 4, 2001, Petitioner entered a plea in Rhode Island Superior Court in accordance with North Carolina v. Alford, 400 U.S. 25, 91, 91 S.Ct. 160 (1970), to an amended charge of second-degree child molestation in violation of R.I. Gen. Laws § 11-37-8.3. State v. Vashey, 912 A.2d 416, 417 (R.I.

2006). Petitioner was sentenced to fifteen years imprisonment, but the sentence was suspended and he was placed on probation for fifteen years. See State v. Vashey, 912 A.2d at 417.

On December 13, 2001, a little more than one week after entering his Alford plea, Petitioner filed a motion to vacate the plea. See id. at 418. Thereafter, Petitioner's attorney moved to withdraw as counsel because he had received correspondence from Petitioner expressing dissatisfaction with his services. See id. Before these two motions could be heard, a judgment of conviction was entered against Petitioner on January 14, 2002, for second-degree child molestation. See id. At a hearing held two days later, Petitioner's attorney was allowed to withdraw, and Petitioner verbally asked that he be allowed to withdraw the motion to vacate. See id. This request was granted. See id.; see also Petitioner's Response to the State of Rhode Island's Motion to Dismiss the Petition Under 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. #5) ("Petitioner's Response"), Exhibit ("Ex.") A (Transcripts of Hearings on 12/4/01, 1/16/02, and 9/15/03) at 11.

After acquiring new counsel, Petitioner filed on August 22, 2003, a motion entitled "Defendant's Motion to Withdraw Nolo Contendere Plea." State v. Vashey, 912 A.2d at 418. This motion was heard on September 15, 2003. See Petitioner's Response, Ex. A at 12. It was denied by the sentencing judge. See State v. Vashey, 912 A.2d at 418.

Petitioner appealed the denial to the Rhode Island Supreme Court, but that court denied the appeal, finding that the appeal was not properly before it. See id. at 419. In so ruling the court explained:

> Rule 32(d) of the Superior Court Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or deferred or probation is imposed

> or imposition of sentence is suspended." "Once a defendant has entered a plea of guilty or of *nolo contendere* and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of postconviction relief." State v. Desir, 766 A.2d 374, 375 (R.I.2001). Furthermore, "[t]he proper avenue by which a defendant must proceed when attacking the voluntariness of a plea or when making a claim of ineffective assistance of counsel is an application for postconviction relief * * *." Id. This requirement is not merely a superfluous technicality: "Unless a defendant complies with the procedure for postconviction relief, [this Court] shall not have the benefit of a full record and a decision of the Superior Court * * *." State v. Farlett, 490 A.2d 52, 54 (R.I.1985).

State v. Vashey, 912 A.2d at 418-19 (alterations in original).

The state supreme court noted that it was undisputed that Petitioner had not filed a motion to vacate his Alford plea until after he was sentenced and that therefore the motion was untimely See id. at 419. The court rejected Petitioner's request that it treat his motion to vacate the Alford plea as an application for post conviction relief pursuant to chapter 9.1 of title 10 the R.I. Gen. Laws. See id. While the court acknowledged that it had previously done exactly as Petitioner requested, it explained that it had acted so:

> only when a complete record was available for appellate review. See State v. Williams, 122 R.I. 32, 36-37, 404 A.2d 814, 817 (1979)(treating a motion to set aside a guilty plea as an application for postconviction relief in part because "the necessary record [was] before [the Court]"). In the present case, the lack of a fully developed record from a postconviction relief proceeding is fatal. Without it, we are left with no way to ascertain whether defendant's counsel, in fact, made the omission defendant alleges or whether defendant actually did not know that, as a result of entering an Alford plea, he would be required to register as a sex offender for the duration of his probation. Instead, we would be forced to rely exclusively upon defendant's own self-serving averments made at the September 2003 hearing on his motion to withdraw the nolo contendere plea.

State v. Vashey, 912 A.2d at 419 (alterations in original).

Petitioner filed the instant action on January 30, 2007. See Docket. The State filed its Motion to Dismiss on February 13, 2007. See id. On February 27, 2007, Petitioner filed a response in opposition to the Motion to Dismiss. See Petitioner's Response. The Motion to Dismiss was referred to me for findings and recommended disposition on March 1, 2007.

**Discussion**

**I. Petitioner's Claims**

In his memorandum filed in support of the Petition, Petitioner argues that the Rhode Island Supreme Court's refusal to treat his appeal as an appeal of a denial of an application for post-conviction relief violates his right to due process and equal protection of law. See Affidavit/Memorandum (Doc. #2) ("Petitioner's Mem.") at 3-4. He notes that the Rhode Island Supreme Court has previously treated the appeals of other defendants in this manner, including the defendants in State v. Williams, 404 A.2d 814 (R.I. 1979), and State v. Keohane, 814 A.2d 327 (R.I. 2003). See Petitioner's Mem. at 4-5, 8. Petitioner contends that, like the defendant in Williams, the issues he raises are of constitutional proportions, the necessary record is before the court, and he has been imprisoned for almost two years. Id. at 4 (citing Williams, presumably 404 A.2d at 818). Petitioner further contends that the record in his case is more fully developed than the record in Williams and many other cases in which the Rhode Island Supreme Court has treated the matter from which the appeal was taken as a denial of post-conviction relief. See id. at 5-6.

Petitioner also takes issue with the state supreme court's observation that it "would be forced to rely exclusively upon defendant's own self-serving averments made at the September 2003

hearing on his motion to withdraw the nolo contendere plea," State v. Vashey, 912 A.2d at 419; see also Petitioner's Mem. at 7. Describing this statement as "highly prejudicial," Petitioner's Mem. at 7, he asserts that the Rhode Island Supreme Court had no reason to disbelieve his version of events as stated in the motion to vacate and in his statements at the September 15, 2003, hearing. See id. He additionally asserts that the state prosecutor at the hearing had "sufficient notice, opportunity, and time to dispute the Petitioner's so called 'self serving averments' and/or the arguments put to that Court." Id. (presumably quoting State v. Vashey, 912 A.2d at 419)(underlining omitted). Petitioner complains that it is not his fault that the state prosecutor could not (or did not) provide any evidence that Petitioner's version of events and of the applicable law was not correct. See id.

Relatedly, Petitioner argues that requiring him to bring an application for post-conviction relief in the Superior Court would violate the doctrine of res judicata because it would "allow the State's prosecutor a 'second bite of the apple ....'" Petitioner's Mem. at 7-8. Petitioner apparently means that it would allow the State a second opportunity to dispute or cast doubt upon his version of events.[1] See id.

---

[1] In making this argument, Petitioner appears to misapprehend the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, (1980)(citation omitted). The only arguably final judgment on the merits relative to Petitioner's claim is that rendered by the Superior Court on September 15, 2003, and that judgment was adverse to Petitioner.

"The doctrine of res judicata, or claim preclusion, bars a **losing** party from re-litigating a cause of action in which a judgment on the merits has been rendered in a previous action between the same parties or their privies." United States v. Gelb, 783 F.Supp. 748, 755 (E.D.N.Y. 1991)(bold added); see also Olson v. Morris, 188 F.3d 1083, 1087 (9th Cir. 1999)(noting that res judicata barred losing party from

Lastly, Petitioner asserts that the Rhode Island Supreme Court used a procedural excuse "to avoid reaching the merits of a post-conviction motion or petition." Petitioner's Response at 7. Petitioner also opines "that the R.I. Supreme Court's refusal to rule on the merits of his appeal, before that Court, is 'so erroneous that it is inconsist[e]nt with any notions of due process' ...." Id. (quoting U.S. ex rel. Smith v. Cowan, 123 F.Supp.2d 1117, 1121 (N.D. Ill. 2000), vacated sub nom. Smith v. Walls, 276 F.3d 340 (7th Cir. 2002)(underlining omitted).

As relief, Petitioner seeks an order compelling the Rhode Island Supreme Court to treat his appeal before that court as a denial from an application for post-conviction relief and to require that court to rule upon the merits of his appeal based on the existing record. See Petitioner's Mem. at 11. Alternatively, Petitioner requests any relief that this Court deems proper and just. See id. at 11-12.

## II. Analysis

The only relief which this Court has authority to provide is based on the habeas corpus statute, 28 U.S.C. § 2254, and that statute requires that a state prisoner first exhaust available state remedies. See 28 U.S.C. § 2254(b)(1)(A);[2] Josselyn v.

---

relitigating issue); Petricca v. FDIC, 349 F.Supp.2d 64, 68 (D. Mass. 2004)("res judicata requires only that the **losing** party had the full and fair *opportunity* to litigate the claim")(bold added). Since the State was not the losing party in regard to the September 15, 2003, judgment, requiring Petitioner to bring an application for post-conviction relief will not violate the doctrine of res judicata.

[2] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A) **the applicant has exhausted the remedies available in the courts of the State**; or

Dennehy, 475 F.3d 1, 2 (1st Cir. 2007)("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies ...."); Slutzker v. Johnson, 393 F.3d 373, 379 (3rd Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554 (1991)("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); Lynch v. Ficco, 438 F.2d 35, 44 (1st Cir. 2006)(noting "that the petitioner must have properly presented the claim to the state court under the exhaustion requirement of § 2254(b)(1)."); Currie v. Matesanz, 281 F.3d 261, 267 (1st Cir. 2002)("[S]tate prisoners cannot simply present their claims to the state trial court; they must 'invoke[] one complete round of the State's established appellate review process.'")(quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999))(second alteration in original).

Indeed, as if to emphasize the point, another provision of the habeas statute specifically states that:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. 2254(c). Here Petitioner has yet to complete "the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. at 845, 119 S.Ct. at 1732.

Petitioner does not claim that he has exhausted his state

---

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (bold added).

remedies. See Petitioner's Mem. Rather, his claim appears to be that he should be excused from the exhaustion requirement because the Rhode Island Supreme Court has refused on procedural grounds to consider his claim and that court has in some other cases, most notably State v. Williams, 404 A.2d 814 (R.I. 1979), overlooked or excused non-compliance with the same procedural rule which it has invoked in his case.

Petitioner's case is distinguishable from Williams. Although Petitioner states that he has been imprisoned "for almost two (2) years," Petitioner's Mem. at 4, the conviction which he seeks to challenge by the instant Petition is not the cause of his imprisonment. For that offense he received a suspended sentence. See State v. Vashey, 912 A.2d at 417. In contrast, in Williams, the defendant had been sentenced to seven years imprisonment as a result of the plea which she sought to challenge. See State v. Williams, 404 A.2d at 816. The Rhode Island Supreme Court concluded that it was necessary to consider her claim immediately because "relief, if it is to come to her at all, will probably not arrive until after she has become eligible for parole," id. at 817. This exigent circumstance is not present in Petitioner's case.

In addition, it does not appear that the defendant in Williams claimed that she did not the understand the nature of the charges against her or the consequences of her plea. See State v. Williams, 404 A.2d at 818. Rather, the "crux," id. at 817, of her complaint was "that her convictions must be vacated and her earlier not guilty pleas reinstated because the trial justice allegedly accepted her guilty pleas without having first complied with the mandate of Super.R.Crim.P. 11,"[3] id. at 817.

[3] The defendant in Williams also claimed that the plea judge had failed to comply with the rule announced by the Rhode Island Supreme Court in Bishop v. Langlois, 256 A.2d 20, 25 (R.I. 1969), requiring

In other words, the defendant in Williams seemly contended that an alleged non-compliance with a state procedural rule by the trial justice required that her guilty plea be vacated even in the absence of any evidence that she was unaware of the nature of the charges or the consequences of her plea. This appears to have enabled the Rhode Island Supreme Court to conclude that the record necessary to make this determination was already before it. See State v. Williams, 404 A.2d at 817. Given the technical nature of the defendant's claim, there were no disputed factual issues to resolve.

In contrast, here Petitioner claims that he did not know that as a result of his plea he would be required to register as a sex offender, see State v. Vashey, 912 A.2d at 419, and it is clear that he wishes this contention to be accepted as a fact, see Petitioner's Mem. at 7 (objecting to court's description of Petitioner's version of events as "self-serving averments"). However, there is no record to support Petitioner's claim other than his unsworn statements at the September 15, 2003, hearing, and those statements were not subjected to cross-examination. There is also no testimony in the record from the attorney who represented Petitioner at the time he entered his Alford plea regarding whether he made the omission Petitioner claims. See id. Thus, the lack of adequate record also differentiates Petitioner's case from that of the defendant in Williams.

Petitioner also cites State v. Keohane, 814 A.2d 327 (R.I. 2003), as another case where the Rhode Island Supreme Court considered the merits of the defendant's claim notwithstanding the determination that the claim should have been raised by way

---

that the trial justice address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea, see State v. Williams, 404 A.2d 814, 818 (R.I. 1979).

of post-conviction relief. See Petitioner's Mem. at 8; see also State v. Keohane, 814 A.2d at 329. However, it plain from the wealth of detail provided in the Keohane opinion regarding the challenged search of the van that an adequate record existed. This is not true in Petitioner's case.

With regard to Petitioner's assertion that the state supreme court used a procedural excuse to avoid reaching the merits of his case, see Petitioner's Response at 7, this argument would have relevance only if such action resulted in Petitioner being permanently precluded from raising his claim in the state courts, cf. Slutzker v. Johnson, 393 F.3d 373, 380 (3rd Cir. 2004)("[I]f there is any likelihood that the state courts would consider the merits of a petitioner's unexhausted claim, the federal courts should dismiss the petition and allow him to seek relief in state courts."). Here it is undisputed that an available avenue of relief exists.

Most significantly, the United States Court of Appeals for the First Circuit has made it clear that where there is an available state remedy a petitioner must avail himself of that procedural mechanism before seeking relief in federal court. See Dickerson v. Walsh, 750 F.2d 150, 154 (1st Cir. 1984)("In view of the clear availability of procedural mechanisms that enable petitioner to pursue his claim, if he so chooses, in state court, we find that [he] did not exhaust his state remedies and, therefore, decline to exercise federal jurisdiction at this time."). The Dickerson Court further held that "[a] petition for post conviction relief to a state court which is denied on procedural grounds does not exhaust the petitioner's state remedies." Id. This Court views the decision of the Rhode Island Supreme Court in State v. Vashey, 912 A.2d 416 (R.I. 2006), as the equivalent of a denial on procedural grounds of an application for post-conviction relief. The decision leaves open

the door for further review by the state supreme court through the statutorily prescribed post-conviction relief application process. Thus, Dickerson requires that the Motion to Dismiss be granted.

**Summary**

I find that there is no basis to excuse Petitioner from the exhaustion requirement. Unlike State v. Williams, 404 A.2d 814 (R.I. 1979), there are no exigent circumstances which would warrant deviation from the state's established appellate review process. Petitioner's case also differs from those of the defendants in State v. Williams and State v. Keohane, 814 A.2d 327 (R.I. 2003), in that the record necessary to decide his claims has not been fully developed. Lastly, controlling First Circuit precedent, Dickerson v. Walsh, 750 F.2d 150 (1st Cir. 1984), requires that the Motion to Dismiss be granted. Accordingly, I so recommend.

**Conclusion**

I recommend that the Motion to Dismiss be granted because Petitioner has not exhausted his state remedies as there is an available state procedure pursuant to which he may raise his claims. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[4] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

[4] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 10, 2007