# THE UNITED STATES FEDERAL DISTRICT COURT FOR THE STATE OF RHODE ISLAND

Edward R. Vashey
(the Petitioner)

Vs. Case# 07-40 M.L.

Director A.T. WALL and THE STATE OF RHODE ISLAND
(the Respondant)

## THE PETITIONER'S OBJECTION TO MAGISTRATE MARTIN'S 'RECOMMENDATION' TO DISMISS THE 18 U.S.C. $ 2254 PETITION

Now comes the Pro-Se and Incarcerated Petitioner, Mr. Edward R. Vashey, and he does hereby formally, and timely, Object to the 'Recommendations' of U.S. Magistrate David Martin to dismiss his '18 U.S.C. $ 2254 Petition for a Writ of Habeas Corpus by a Person in State Custody.'

In Objection, the Petitioner offers the following;

#1. Magistrate Martin makes the assumption that the Petitioner has not exhuasted all of his State

Remedies, and that is absolutely untrue.

Foremost, the 18 U.S.C. § 2254 Petition before this Wise and Honorable Court is, in essence, an Appeal from a decision rendered by the Rhode Island State Supreme Court, the Highest Court in the State of Rhode Island. Therefore, the Petitioner has no other 'State Remedy' or recoourse to resolve the Issues put to this Court in this instant Petition.

Those being the fact that dispite the R.I. Supreme Court admitting that it has "done exactly as [the Petitioner] suggests" and treat his Appeal (rightfully so) as a denial of Post-conviction relief. But it has refused to do so, and therefore is denying the Petitioner the Due Process and the Equal Protection of Law that it has afforded to Others in the very same situation.

The relevent question put to this Court in the 18 U.S.C. § 2254 Petition is whether or not the R.I. Supreme Court should put Form before Substance and simply, and wrongfully refuse to render a decision on the Petitioner's Appeal before that Court, because a procedure wasn't followed exactly, or a Motion wasn't titled properly, and again, the Petitioner can't point-out enough that the R.I. Supreme Court has admitted, in its decision, that it has done "exactly" as the Petitioner asked them to do.

One only needs to read the Transcripts of

the September 11th, 2003 Hearing, at question, to see that the State's Prosecutor had proper time, notice, and opportunity to challenge the arguments raised by the Petitioner. The fact that the State's Prosecutor didn't, or couldn't, prove that the Petitioner's version of the events in question, where not the absolute truth of the matter. It's of no fault of the Petitioner, so why should he be forced to reargue an issue that, for all intentsive purposes, he had clearly won, dispite the fact that the Superior Court Justice (at that time) "denied" the Motion to Withdraw/Vacate a Plea.

The question of whether or not the R.I. Supreme Court should have ruled on the merits of the Petitioner's Appeal before that Court, is properly before this Court, and the Petitioner has no other 'State Remedy' to resolve that Issue.

**#2.** Like the State's Prosecutor, and the State's Supreme Court, it appears that U.S. Magistrate Martin believes that the State's Prosecutor should be afforded another opportunity to try and prove its argument. Magistrate Martin makes the claim that the Petitioner had "lost" the argument in the Superior Court, on September 11, 2003, and therefore he (as the "loser") has no right to invoke

the Doctrine of Res Judicata.

Foremost, Magistrate Martin is wrong because the Petitioner did not lose the argument as to whether or not he was properly informed as to the consequences of entering a plea. As the record of the September 11, 2003 Hearing stands, the Petitioner had made the undisputed statement that he was never properly informed of the consequences of entering an 'Alford Plea' to the charge of 2nd Degree Child Molestation. Again, the State's Prosecutor, dispite proper time, notice, and opportunity never made any attempt to dispute that FACT. Instead, the State's Prosecutor choose to ramble on about how the Petitioner "Shot himself in the foot".

Therefore, as far as the 'Issue' of whether or not the Petitioner was ever properly made aware as to the consequences of entering a plea. It should and could only be considered settled that he was not, as the State's Prosecutor offered no opposition or creditable argument in opposition of that FACT.

Therefore, the 'Issue' of whether or not the Petitioner was properly aware of said consequences should be procluded from reargument. Thus the 'Doctrine of Res Judicata' and/or 'Issue Proclusion' should most certianly apply in this situation.

#3. Magistrate Martin also mistakenly makes the assumption that the Petitioner is not incarcerated for the Fifteen (15) Year Sentence for the alleged 2nd Degree Child Molestation, and that therefore the Petitioner has no just cause under "18 U.S.C. § 2254 Petition for a Writ of Habeas Corpus by a Person in State Custody". But, that is also completely untrue. The only reason that the Petitioner is incarcerated by the State of Rhode Island, is for the Superior Court Matter entitled; P1-00-3867, at the root of this Petition, thus, this Petition is properly before this Wise and Honorable Court;

#4. Magistrate Martin has tried to point out differances between the Petitioner's Situation, and that of the much cited R.I. Supreme Court's decision entitled State Vs. Williams (cited by Magistrate Martin), in which the R.I. Supreme Court had done "EXACTLY" as the Petitioner had asked them to do for him.

Foremost, the Petitioner is very well aware that no two (2) cases are exactly alike. But, dispite what Magistrate Martin would like this Court to believe, the Petitioner and Ms. Williams situations are very much alike, all-be-it that Ms. Williams had claimed that she was never properly advise as to the Nature

of the crime in which she plead to, and the Petitioner claims that he was never properly advised of the consequences of the plea he would enter, both claims are and were in violation of the Rhode Island Superior Court's Rule #11 of the Rules of Criminal Procedure, and in both situations the Rule #11 violation is a violation of both Ms. Williams and the Petitioner's 5th, 6th and 14th Constitutional Amendment Rights, and as it was rightfully so determind in the State Vs. Williams matter, so should it be determind in the Petitioner's situation. Ms. Williams Plea was Vacated and so should the Petitioner's.

#5. Once again the Petitioner's credibility is called into question, first by the R.I. Supreme Court in the State Vs. Vaskey decision in question, when that Court says that "[they] would be forced to rely on [the Petitioners] self-serving averments", and now by Magistrate Martin's statement in his 'Recommendation' to this Court, where he belittles the Petitioner's statements to the R.I. Supreme Court at the September 11, 2003 Hearing, by basically calling the statement "unsworn testimony", like because the Pet-tioner didn't sware on a stack of Bibles, his statement isn't trustworthy. The Petitioner takes offense to the Magistrate's unprovoked and unwarrented

statement, and he hopes that this Court also takes offense to that statement.

## In Conclusion

The Petitioner does hereby strongly Object to Magistrate Martin's "Recommendation" to this Court to "dismiss" his 18 U.S.C. § 2254 Petition, and the Petitioner respectfully does hope & pray that this Very Wise and Honorable Court would take into consideration the above enumerated "Points" in opposition to the Magistrate's 'Recommendation' to this Court.

Furthermore, the Petitioner would very much like to apologize for the bad form and condition of this 'Objection'. The Petitioner is currently in the 'Seggrogation Unit' at the R.I. Adult Correctional Institution (A.C.I.), where at this time there are "Labor Disputes" between the Correctional Officers and Director A.T. Wall, so I don't have access to any Legal Materials, such as Books, or even my own Legal Materials (paperwork), and dispite repeated pleas to Correctional Officers stating that I need to respond to Magistrate Martin's 'Recommendation', I am told to "Write to Director A.T. Wall and tell him my problems". Basically, this "Objection' to the 'Recommendation'

is coming from my memory of all that has been said. As stated, I have no access to any Law Books, so I have tried to respond the best I could.

Where fore, the Petitioner does respectfully request that this Wise and Honorable Court not just dismiss his 18 U.S.C. §2254 Petition, and give said Petition the full and just consideration that it so Rightfully deserves.

Respectfully Submitted

Edward R. Vashey

Edward R. Vashey, pro-se
P.O. Box 8249
Cranston, R.I.
02920

Certification

I, Edward R. Vashey, do hereby certify that on this day April 17, 2007, that I did mail to the R.I. Attorney General's Office a true handwriten copy of this 'Object' to 150 South Main st. Providence, R.I. 02903.

Edward R. Vashey